**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4136**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONNIE RAY FLOYD,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:06-cr-00574)

Submitted:  September 7, 2007      Decided:  September 19, 2007

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  William Earl Day, II, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnie R. Floyd appeals his conviction and sentence after pleading guilty to escape from a halfway house, in violation of 18 U.S.C. §§ 751(a), 4082 (2000). Floyd's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues on appeal, but that Floyd challenges the district court's ruling on his motion to dismiss the indictment and the adequacy of the Fed. R. Crim. P. 11 hearing. Floyd was notified of the opportunity to file a pro se supplemental brief but has failed to do so. Because our review of the record discloses no reversible error, we affirm.

Floyd contends that the district court erred in denying his motion to dismiss the indictment.[1] This court reviews de novo a district court's denial of a motion to dismiss the indictment made before trial. See United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997). At the hearing on his motion to dismiss, Floyd claimed the United States Parole Commission ("Commission") erroneously calculated his full-term expiration date and that he was being held illegally on parole at the time of his latest parole revocation hearing. Floyd also asserted that the Commission unlawfully converted his regular parole classification into special parole, thereby causing him forfeit an accrued amount of "street

---

[1]In his plea agreement, Floyd preserved his right to challenge the denial of his motion to dismiss the indictment.

- 2 -

time." However, Floyd admitted, in both his motion to dismiss and at the subsequent hearing, that even if his assertions were accurate, his parole term would have continued until November 2005; therefore, Floyd would have been on parole during his most recent revocation proceeding in January 2005. Additionally, the district court noted that these same claims were presented in a 2005 habeas petition pursuant to 28 U.S.C. § 2241 (2000), which was dismissed.[2]

Floyd also asserted that the Commission failed to take into account the good time and "work credits" that he had accrued. However, Wanda Harris, a case management coordinator with the Federal Bureau of Prisons, testified at the hearing that, based on his Bureau of Prisons file, Floyd's good time credit was properly included in his full-term expiration date. Additionally, Floyd admitted he was told to remain at the halfway house until March 27, 2006, and that he had signed the corresponding certificate of parole. Floyd conceded he was aware when he left the halfway house on March 6, 2006, that he would be put on escape status if he did not return. Based on Floyd's admissions and the testimony presented at the hearing, there is no evidence indicating that Floyd was erroneously held on parole or that the Commission made any material error in calculating his full-term expiration date.

---

[2]The § 2241 petition was dismissed by the district court for failure to prosecute, as Floyd failed to respond to the Commission's motion for summary judgment. Floyd v. United States Parole Comm'n, No. 4:05-cv-01283-TLW (D.S.C. Mar. 28, 2006).

Therefore, we conclude that the district court did not err in denying Floyd's motion to dismiss the indictment.

Floyd also contends that the district court failed to comply with the requirements of Fed. R. Crim. P. 11 in conducting his guilty plea hearing. During a Rule 11 plea colloquy, the district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the sentencing guidelines; the court's obligation to impose a special assessment; the defendant's right to an attorney; his right to plead not guilty and be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; his right against self-incrimination; and his right to testify, present evidence, and compel the attendance of witnesses. The defendant must also be told that a guilty plea waives any further trial and that his answers at the proceeding may be used against him in a prosecution for perjury. Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must require disclosure of any plea agreement under Rule 11(c)(2) and determine a factual basis for the plea under Rule 11(b)(3). Because Floyd withdrew his pro se motion to withdraw his guilty plea, any challenges to the Rule 11 hearing are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002).

- 4 -

After a thorough review of the record, we conclude that Floyd knowingly and voluntarily entered into his guilty plea with a full understanding of the consequences, and that there was no error in the district court's acceptance of Floyd's plea.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Floyd's conviction and sentence. We also deny Floyd's motion to substitute counsel.[3] This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[3]To the extent that Floyd attempted to raise a claim of ineffective assistance of counsel, there is no evidence on the record to support his allegations. Accordingly, any such claim must be raised as part of a 28 U.S.C. § 2255 (2000) motion rather than on direct appeal. <u>See</u> <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997).